STATE *vs.* GIUSEPPE LI FIERI, alias JOSEPH LI FIERI.

1. INDICTMENT AND INFORMATION—ALTERNATIVE ALLEGATION—PLACE OF OFFENSE.

Indictment charging illegal sale of liquor in "the store or warehouse" of defendant is not bad as charging the place in the alternative, it appearing it was intended to charge the sale at a single place, known as the store or warehouse.

2. INTOXICATING LIQUORS—ILLEGAL SALE—INDICTMENT—BEER.

Allegation in indictment of sale of "intoxicating liquor, to wit, beer," is sufficient.

3. CRIMINAL LAW—JUDICIAL NOTICE—"BEER."

The court will take judicial notice that "beer" is the usual name for a malt liquor, and that it is intoxicating.

4. INTOXICATING LIQUORS—ILLEGAL SALE—PROOF—BEER.

A charge of illegal sale of intoxicating liquor is sustained by proof of sale of "beer" without any further description or testimony that it was intoxicating.

(*October* 4, 1917.)

Judges CONRAD and HEISEL, sitting.

*David J. Reinhardt*, Attorney General, and *P. Warren Green*, Deputy Attorney General, for the state.

*Alexander B. Cooper* for the accused.

Court of General Sessions, New Castle County, September Term, 1917.

INDICTMENT, No. 77, September Term, 1917.

Giuseppe Li Fieri, alias Joseph Li Fieri, was indicted for unlawfully selling "intoxicating liquor, to wit, beer, to one Ernest C. Greenley, he the said Giuseppe Li Fieri, alias Joseph Li Fieri, then and there not having a proper license to sell intoxicating liquor according to law," etc.

On demurrer to the indictment. Overruled. The causes of demurrer appear in the opinion of the court.

CONRAD, J., delivering the opinion of the court:

[1] The contention of defendant's counsel is that the allegation that the sale was had in "the store or warehouse" of defendant is in the alternative and implies that he sold in two places. The court is of opinion that to charge a sale in more than one place in a

single count would be fatally defective, but it appears by the language used that it was intended to charge the defendant with a sale at a single place, known as the store or warehouse, and if there is any repugnancy in the indictment it can only show as a variance after the trial of the case.

[2-4]    The second contention is that the allegation of the sale of "intoxicating liquor, to wit, beer," is insufficient.    In the opinion of the court the word "beer" without restriction or qualification denotes an intoxicating malt liquor and is within the meaning of the words "intoxicating liquor", and the use of the word "beer" alone in an indictment charging the unlawful sale of intoxicating liquor is presumed to include only that species of beverage.    The court will take judicial notice, under our statute, of the fact that "beer" is the usual name for a malt liquor, and that it is intoxicating, and a charge of an alleged sale of intoxicating liquor is sustained by proof of the sale of beer, without any further description or testimony that it was intoxicating.

Demurrer overruled.